IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WM. KARN,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES FEDERAL<br>GOVERNMENT,<br><br>Defendant. | Civil Action No. 13-1215 |

## ORDER OF COURT

Presently before the Court is a Complaint filed by *pro se* Plaintiff Wm. Karn on August 23, 2013. (Docket No. 1). For the following reasons, the Court *sua sponte* dismisses said Complaint, with prejudice.

Initially, the Court is mindful of its duties to liberally construe *pro se* pleadings, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and to "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff", *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, "[a] federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.'" *DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)).[1]

---

[1] Court records indicate that Plaintiff paid the administrative filing fee and is not proceeding *in forma pauperis*.

Here, the Court finds that *sua sponte* dismissal of Plaintiff's Complaint is warranted because the allegations contained therein are clearly devoid of merit, wholly insubstantial and obviously frivolous. *See id.* To this end, Plaintiff has purportedly sued the "United States Federal Government" for alleged antitrust violations[2] caused by unidentified "miscreants … on the state payroll," licensed real estate brokers or agents, state governments and the judiciary. (Docket No. 1). Further, Plaintiff has not alleged any individual harm resulting from such activities but, instead, apparently brings this action on behalf of unidentified members of the "public" at large. (*Id.*). The entirety of Plaintiff's Complaint states as follows:

> This is a court search for Declaratory Judgment. The miscreants are on the state payroll empowered with routine of a administrative job office. Their unlawful activities for personal gain involve antitrust business. The restraint of trade for personal gain involves coordination of three separate active groups. The cash payoff track is likewise complex.
>
> The public as buyer or seller of real estate pays a premium for transaction of sale closure steps. The public is offered less than total available transaction selections. The public pays the real estate broker or agent. The monopoly on this payment to broker or agent is controlled by a license issued by the state government. The license is a restraint of trade. The judiciary enforces the license with a substantial monetary penalty.

(*Id.*).

The frivolous nature of this action is readily apparent from these allegations and the Court has identified numerous deficiencies which fail to demonstrate that subject matter jurisdiction over this case is appropriately exercised. *See DeGrazia*, 316 F. App'x at 173. First, Plaintiff has alleged no individual harm caused by the purported antitrust violations and thus, has not

---

As such, the standards for dismissal under 28 U.S.C. § 1915 do not apply. *See DeGrazia v. F.B.I.*, 316 F. App'x at 173.

[2] The Court notes that Plaintiff's civil cover sheet identifies the lawsuit as an antitrust cause of action. (*See* Docket No. 1-1).

demonstrated standing to prosecute this case. *See Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 535, 103 S. Ct. 897, 907, 74 L. Ed. 2d 723 (1983) ("Harm to the antitrust plaintiff is sufficient to satisfy the constitutional standing requirement of injury in fact, but the court must make a further determination whether the plaintiff is a proper party to bring a private antitrust action."). Second, the named defendant in this case is the United States Federal Government, which has not expressly waived its sovereign immunity to antitrust suits. *See* 15 U.S.C. § 1 ("Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal."); *see also Goldfarb v. Virginia State Bar*, 421 U.S. 773, 788, 95 S. Ct. 2004, 2013-14, 44 L. Ed. 2d 572 (1975) (section 1 "of the Sherman Act on its face . . . shows a carefully studied attempt to bring within the Act every person engaged in business whose activities might restrain or monopolize commercial intercourse among the states."). Third, to the extent that the allegations in Plaintiff's Complaint are more properly directed toward the activities of third parties such as the "miscreants … on the state payroll," licensed real estate brokers and agents or "state governments," none of these individuals or entities have been identified in the Complaint and their addresses have not been provided such that they could be served with this lawsuit. (Docket No. 1). Finally, Plaintiff fails to state what relief he seeks from either the Federal Government or the unidentified individuals and entities. (*Id.*). In all, this case is plainly deficient, such that subject matter jurisdiction is lacking and it must be dismissed under Rule 12(b)(1). *See DeGrazia*, 316 F. App'x at 173.

Further, even if this Court's subject matter jurisdiction was appropriately invoked by Plaintiff's Complaint, which the Court expressly finds is not warranted, said Complaint is otherwise subject to dismissal because it fails to meet the standards under Rules 8, 10 and 11 of the

3

Federal Rules of Civil Procedure. To this end, Plaintiff's Complaint obviously does not set forth a "short, plain statement of the claim showing that the pleading is entitled to relief" as is required under Rule 8 and, further would not meet the pleading requirements applicable to antitrust suits in light of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In addition, the form of Plaintiff's Complaint, which is presented entirely as the two quoted paragraphs above, fails to comply with Rule 10, which requires that a "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Finally, Plaintiff has provided the abbreviation of "Wm. Karn" in support of this case and signed the Complaint using only the abbreviation "Wm.," rather than his full name.[3] (Docket No. 1). This appears to be a violation of Rule 11(a), which warrants striking the Complaint for failure to properly sign the pleading. *See* FED. R. CIV. P. 11(a) ("[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented… The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."). Therefore, even if the Court had subject matter jurisdiction over this case, it would be subject to dismissal based on any or all of these violations.

For all of these reasons,

IT IS HEREBY ORDERED that Plaintiff's Complaint [1] is DISMISSED, with prejudice.

---

[3] The Court notes that William S. Karn, residing at 664 Lincoln Avenue, Bellevue, PA 15202-3420, is a serial litigator in this Court and has initiated numerous *pro se* civil actions using his full name. *See e.g., Karn v. Frye, et al*, Civ. A. No. 06-494; *Karn v. Morrow et al.*, Civ. A. No. 10-424; *Karn v. Govt. of Allegheny County et al.*, Civ. A. No. 04-1082. The Court further recognizes that Plaintiff's use of an abbreviation in lieu of his full name and signature of the abbreviation could be cured by ordering him to file an Amended Complaint. However, in light of the Court's ruling that it lacks subject matter jurisdiction over this action, any amendment of the Complaint would be futile. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir.2000)

4

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: August 27, 2013

cc: Wm Karn, *pro se*
664 Lincoln Avenue
Bellevue, PA 15202-3420
(regular and certified mail)